802

Julian MARTIN, Plaintiff—Appellant,

v.

**CITY OF RENO, and the Reno Police Department, a division of the City of Reno, Defendants—Appellees.**

**No. 04–15708.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.*

Decided Feb. 22, 2006.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence E. Spong, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeremy D. Warren, Esq., San Diego, CA, for Defendant–Appellant.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

### MEMORANDUM **

Julian Martin appeals from the district court's order granting summary judgment in favor of the Defendants on his age- and gender-discrimination claims. We affirm.

The district court properly concluded that Martin failed to show that he was satisfactorily performing his job. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 917 (9th Cir.1996) (as amended) (to establish prima facie case of age discrimination, plaintiff must show that he was "performing his job in a satisfactory manner" (internal quotations omitted)); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002) (in Title VII

claim, plaintiff must show that he is qualified for position). It is undisputed that the Reno Police Department holds employees in probationary positions to higher standards than those who merely fill in at a position on a temporary basis. Thus, the fact that Martin was successful as an acting CSO Supervisor for nearly 18 months and that, as a result, the Department promoted him to probationary CSO Supervisor is immaterial when determining whether he was satisfactorily performing the latter job.

Moreover, Martin's assertion that he did not receive any negative evaluations during his six months as a probationary CSO Supervisor overstates the issue somewhat. In fact, his evaluations reflect serious concerns over his ability to perform the necessary duties, and those evaluations were corroborated by the declarations that his superiors gave. Because Martin produced no evidence to the contrary, summary judgment was proper.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We need not address the other steps of the burden-shifting framework for discrimination claims, *see McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), i.e., whether the Defendants had a legitimate, nondiscriminatory reason for demoting Martin, and whether that reason was really a pretext for discrimination.